```
                                                                    C/M
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x  **NOT FOR PUBLICATION**

IL SUN JUNG,
                            **MEMORANDUM AND ORDER**

              Plaintiff,

                            10 Civ. 0513 (BMC)

     -against-

CIA Director, LEON EDWARD PANETTA,
Central Intelligence Agency, Office of Public
Affairs,

             Defendant.
----------------------------------------------------------x
**COGAN**, District Judge.

On February 4, 2010, plaintiff Il Sun Jung, appearing *pro se*, filed this action against defendant. Plaintiff paid the requisite filing fee to commence this action. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

Plaintiff previously filed a complaint on January 12, 2010, against Mayor Bloomberg and Governor Paterson, in which he alleged he was "a target of electronic harassment, mind control, directed energy weapons, organized stalking, electronic torture and human experimentation." Compl. at ¶ IV(1). I dismissed that complaint as frivolous on January 19, 2010. See Jung v. Bloomberg et al., 10-CV-0118 (BMC) (E.D.N.Y. Jan. 19, 2010).

Plaintiff's present action appears to assert similar allegations against CIA Director Panetta. For example, plaintiff alleges that he has "been victimized and tortured by inflicted electromagnetic weaponry, directed energy weapons, microwave auditory effect weaponry, induced sleep deprivation, insect planting in my home, organized stalking, home vandalism's

daily and constant inflicted sabotages and harassment." Compl. at ¶ VIII (3). Plaintiff is seeking protection from "stalking with bio-electronic weapons and [payment of] all personal injuries resulting from it." Compl. at ¶ VI. He also requests that the CIA provide "365 days a year investigation into mind control abuses and torture and order agent to assign this case." Id.

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances." Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or it is "based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation and citation omitted).

Even under a liberal reading, plaintiff's latest allegations are once again "the product of delusion or fantasy" and are factually frivolous. Id. at 437; see also Denton v. Hernandez, 504 U.S. 25, 33 (1992). Accordingly, the complaint is dismissed as frivolous pursuant to Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000). Plaintiff is advised that any future complaint filed before this Court will be closely scrutinized, and that he may be subjected to restrictions on his ability to file if circumstances warrant. Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
February 9, 2010